UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
| | |
|---|---|
| SIRIUS XM RADIO INC. | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| | : |
| vs. | : |
| | : |
| TECHNOLOGY PROPERTIES LTD., PATRIOT SCIENTIFIC CORP., AND ALLIACENSE LTD. | : |
| | : |
| Defendant. | : |

- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- -- X

## COMPLAINT

Plaintiff Sirius XM Radio Inc. ("Sirius XM"), by its attorneys Kramer Levin Naftalis & Frankel LLP, for its complaint against Technology Properties Ltd. ("TPL"), Patriot Scientific Corp. ("PSC"), and Alliacense Ltd. ("Alliacense"), alleges as follows:

1.  This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq., seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, that Plaintiff does not infringe any valid and/or enforceable claim of United States Patent Nos. 5,030,853 (the "'853 patent"), 5,440,749 (the "'749 patent"); 5,784,584 (the "'584 patent"); 5, 530,890 ("'890 patent"); 5,809,336 (the "'336 patent"); 6,598,148 ("'148 patent") and 5,247,212 (the "'212 patent") (collectively, the "Asserted Patents"). Copies of the Asserted Patents are attached hereto as Exhibits A, B, C, D, E, F and G, respectively.

## THE PARTIES

2. Plaintiff Sirius XM is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1221 Avenue of the Americas, New York, New York 10020. Sirius XM provides satellite radio services that broadcast over one hundred and thirty channels of entertainment in the continental United States (the "Sirius XM Services").

3. Upon information and belief, TPL is a corporation organized and existing under the laws of the State of California, having its principal place of business at 10080 North Wolfe Road, Suite SW3190, Cupertino, California 95014. TPL is, on information and belief, a co-owner and/or licensee of the Asserted Patents.

4. Upon information and belief, PSC is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6183 Paseo Del Norte, Suite 180, Carlsbad, California 92011. PSC is, on information and belief, a co-owner and/or licensee of the Asserted Patents.

5. Upon information and belief, Alliacense is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20400 Stevens Creek Blvd., Suite 500, Cupertino, CA 95014. Alliacense is, on information and belief, an enterprise of TPL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction based on 28 U.S.C. §§ 1331 and 1338, and the existence of an actual controversy between the parties under 28 U.S.C. §§ 2201 and 2202.

7. Venue is based on 28 U.S.C. § 1391(b).

**EXISTENCE OF AN ACTUAL CONTROVERSY**

8. Starting in 2008 and continuing into April 2009, Defendants, through defendant Alliacense, have demanded that Sirius XM enter into a royalty-bearing license for the Asserted Patents. The '749 patent, '584 patent, '336 patent, '890 patent and '148 patent comprise part of Defendants' MMP Patent Portfolio (hereinafter, referred to collectively as the "Asserted Patents from the MMP Patent Portfolio"), and the '853 patent and '212 patent comprise part of Defendants' Fast Logic Patent Portfolio (hereinafter, referred to collectively as the "Asserted Patents from the fast Logic Patent Portfolio"). Alliacense has claimed that products used in connection with the Sirius XM Services infringe one or more claims of the MMP Patent Portfolio and the Fast Logic Patent Portfolio. Alliacense has further informed Sirius XM that if it does not take a license, it may be subject to substantial liabilities.

A. **The MMP Patent Portfolio**

9. By letter dated February 13, 2008, Alliacense informed Sirius XM that "most all Sirius products that include a microprocessor may need a license to the MMP Portfolio." Accompanying this letter was a claim chart purporting to describe how many of Sirius XM's products are allegedly covered by one or more claims of the '749 patent, '584 patent, and '336 patent.

10. Since February 2008, the parties have corresponded regarding the MMP Patent Portfolio. In a letter dated February 12, 2009, Alliacense expressly accused Sirius XM of infringing the '749 patent, '584 patent, and '336 patent and told Sirius XM of substantial liabilities that it may face:

> Over the last year Alliacense has provided voluminous documentation outlining Sirius XM Radio's infringement and made monthly requests to meet to resolve this dispute. . . .

3

>As you can imagine it is difficult for us to understand why
>Sirius XM Radio would continue a path of inaction,
>especially when considering the substantial liability it is
>facing . . . .

11.     Shortly thereafter, Sirius XM met with Defendants' representative from Alliacense on March 26, 2009 at the offices of Sirius XM's counsel to discuss Defendants' infringement claims. During that meeting, Defendants' representative confirmed their claims of infringement of the '749 patent, '584 patent, and '336 patent. Defendants' representative further informed Sirius XM that many of Sirius XM's products are also allegedly covered by one or more claims of two other patents in the MMP Patent Portfolio – namely, the '890 patent and '148 patent – and that Sirius XM faced substantial liability unless it took a license. Defendants' representative further described the litigations brought by Defendants against potential infringers of the MMP Patent Portfolio and their purported success in those matters.

12.     Most recently, Sirius XM received on April 1, 2009 from Alliacense more claim charts that purportedly show how additional Sirius XM devices infringed one or more claims of the Asserted Patents from the MMP Portfolio, including the '890 patent.

13.     Sirius XM does not infringe a valid or enforceable claim of the Asserted Patents from the MMP Patent Portfolio (namely, the '749 patent, '584 patent, '336 patent, '890 patent, and '148 patent).

14.     Under all of these circumstances, there is an actual, justiciable and substantial controversy between Sirius XM and the defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory

4

judgments with respect to each of the Asserted Patents from the MMP Patent Portfolio under 28 U.S.C. §§ 2201 and 2202.

### B. The Fast Logic Patent Portfolio

15. Defendants, through defendant Alliacense, informed Sirius XM via letter dated May 29, 2008 that "most all Sirius products that include a semiconductor may need a license to the Fast Logic Portfolio." The Fast Logic Patent Portfolio included the '212 patent. Accompanying this letter was a claim chart purporting to describe how many of the same Sirius XM' products (which, as described above, were allegedly covered by the Asserted Patents from the MMP Patent Portfolio) are allegedly covered by one or more claims of the '212 patent based on Defendants' analyses of the flash memory chip supplied by Spansion Inc. ("Spansion") alleged to be used in Sirius XM satellite radio receivers.

16. In a letter dated February 19, 2009, Alliacense expressly accused Sirius XM of infringing the '212 patent and told Sirius XM of substantial liabilities that it may face:

> We have sent the following correspondence to you since April 2008. Unfortunately, we have not received any communication from you or other Sirius Satellite Radio representatives. . . . We are concerned that Sirius Satellite Radio is recklessly disregarding our patent rights.

17. Sirius XM met with Defendants' representative from Alliacense and discussed the Fast Logic Patent Portfolio during the March 26, 2009 meeting. During this meeting, Defendants' representative confirmed Defendants' infringement claims against Sirius XM based on the '212 patent. Defendants' representative further provided an updated claim chart purporting to describe that additional Sirius XM products are also covered by one or more claims of the '212 patent. Defendants' representative also warned

5

Sirius XM that many of the same Sirius XM products may infringe one or more of at least fourteen additional patents in the Fast Logic Patent Portfolio. When Sirius XM told Alliacense that Spansion is the appropriate entity to pursue as the supplier of the chip that is purportedly covered by the '212 patent, Alliacense replied that it had chosen to pursue Sirius XM and others, not Spansion.

18. Subsequent to this meeting, Alliacense sent Sirius XM additional claim charts purportedly showing how Sirius XM products are covered by the '212 patent and another patent from the Fast Logic Portfolio – the '853 patent.

19. Sirius XM does not infringe a valid or enforceable claim of the '212 patent or the '853 patent.

20. Under all of these circumstances, there is an actual, justiciable and substantial controversy between Sirius XM and the defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgments with respect to the '212 patent and '853 patent from the Fast Logic Patent Portfolio under 28 U.S.C. §§ 2201 and 2202.

## FIRST CLAIM

## DECLARATORY JUDGMENT REGARDING THE '749 PATENT

21. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporates them by reference.

22. No valid or enforceable claim of the '749 patent is infringed by Plaintiff.

KL3 2714769.1

## SECOND CLAIM

## DECLARATORY JUDGMENT REGARDING THE '584 PATENT

23. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

24. No valid or enforceable claim of the '584 patent is infringed by Plaintiff.

## THIRD CLAIM

## DECLARATORY JUDGMENT REGARDING THE '890 PATENT

25. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

26. No valid and enforceable claim of the '890 patent is infringed by Plaintiff.

## FOURTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '336 PATENT

27. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

28. No valid and enforceable claim of the '336 patent is infringed by Plaintiff.

## FIFTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '148 PATENT

29. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 14 and incorporate them by reference.

30. No valid and enforceable claim of the '148 patent is infringed by Plaintiff.

## SIXTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '212 PATENT

31. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1-8 and 15 through 20 and incorporate them by reference.

32. No valid and enforceable claim of the '212 patent is infringed by Plaintiff.

## SEVENTH CLAIM

## DECLARATORY JUDGMENT REGARDING THE '853 PATENT

33. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1-8 and 15 through 20 and incorporate them by reference.

34. No valid and enforceable claim of the '853 patent is infringed by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declaring that no valid or enforceable claim of the Asserted Patents is infringed by Plaintiff;

2. Declaring that Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert of participation with them be restrained and enjoined from further prosecuting or instituting any action against the Plaintiff claiming that the Asserted Patents are valid, enforceable, or infringed, or from representing that the products of services of the Plaintiff infringe the Asserted Patents;

3. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding the Plaintiff its attorneys' fees and costs in connection with this case; and

4. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: April 24, 2009

Kramer Levin Naftalis & Frankel LLP

By: _____
Jonathan S. Caplan
William J. Spatz
Aaron Haleva
Mark A. Baghdassarian
1177 Avenue of the Americas
New York, New York 10036
Tel.: (212) 715-9100
Fax: (212) 715-8000
jcaplan@kramerlevin.com
wspatz@kramerlevin.com
ahaleva@kramerlevin.com
mbaghdassarian@kramerlevin.com

*Attorneys for Plaintiff*
*Sirius XM Radio Inc.*

KL3 2714769.1